**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **BLITZSAFE TEXAS, LLC,** § § § | |
| Plaintiff, § | Case No. 2:17-cv-105-JRG-RSP |
| v.   § § | **JURY TRIAL DEMANDED** |
| **ROBERT BOSCH GmbH,** § § | |
| Defendant. § § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, Blitzsafe Texas, LLC ("Blitzsafe" or "Plaintiff"), files this First Amended Complaint against Defendant, Robert Bosch GmbH ("Defendant"), for patent infringement under 35 U.S.C. § 271 and alleges as follows:

**THE PARTIES**

1. Plaintiff, Blitzsafe Texas LLC, is a limited liability company organized and existing under the laws of the State of Texas, and maintains its principal place of business at 100 W. Houston Street, Marshall, Texas 75670. Blitzsafe sells automotive interface products that allow the end user to connect a third-party external audio device or multimedia device to a car stereo in order to play the content on the device through the car stereo system and speakers. Blitzsafe sells its products throughout the United States including in this judicial district. Blitzsafe is the owner of all right, title, and interest in and to U.S. Patent No. 7,489,786 and U.S. Patent No. 8,155,342.

2. Upon information and belief, Defendant Robert Bosch GmbH is a German conglomerate with a place of business at Robert-Bosch-Platz 1, 70839 Gerlingen, Germany.

## JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant. Defendant conducts business and has committed acts of patent infringement and/or has induced acts of patent infringement by others in this judicial district and/or has contributed to patent infringement by others in this judicial district, the State of Texas, and elsewhere in the United States. Defendant subjected itself to this Court's personal jurisdiction when it knowingly directed its infringing products into the Texas market. Defendant has placed and continues to place infringing products into the U.S. stream of commerce through its network of subsidiaries. The infringing products travel to Texas and throughout the state.

5. On information and belief, Defendant controls a network of subsidiaries from its headquarters in Germany. Defendant and its network of subsidiaries operate under the umbrella of the Bosch Group, which encompasses approximately 440 subsidiaries and companies.

6. On information and belief, Defendant's board of management defines the strategy for the Bosch Group and manages the group a whole.

7. On information and belief, Defendant has organized the operation of the Bosch Group four sections categorized by subject matter: Mobility Solutions; Industrial Technology; Consumer Goods; and Energy and Building Technologies. The sections are not organized by location. As a result, the Bosch Group's knowledge, resources, and employees do not neatly divide along company lines.

8. On information and belief, the Bosch Group issues its annual report with reporting segmented across its four sections, not along corporate lines.

9. On information and belief, the Mobility Solutions section is the largest of Bosch Group sections, comprising approximately 60% of the Bosch Group's business.

10. On information and belief, the Bosch Group's Mobility Solutions section has approximately 217,000 associates.

11. On information and belief, the Mobility Solutions section includes employees from Defendant.

12. On information and belief, employees of the Bosch Group often hold themselves out to others outside of the group as working for Bosch regardless of which company within the Bosch Group they work for.

13. On information and belief, Defendant tracks and organizes all actions of the Bosch Group within the United States, including Texas.

14. On information and belief, the United States is the Bosch Group's second largest market.

15. On information and belief, the Bosch Group had $13.7 billion in North American sales in 2016. Sales in the United States accounted for the majority of the Bosch Group's North American sales in 2016.

16. On information and belief, Defendant has profited from its commercial activities directed toward the United States and Texas, including the distribution of the infringing products.

17. On information and belief, Defendant pled guilty in 2015 to illegally influencing the U.S. market with anticompetitive price-fixing schemes.

18. On information and belief, the Bosch Group's Mobility Solutions section is responsible for the design, manufacture, sales, and distribution of automobile components, including infringing products.

19. On information and belief, Defendant and its licensees have used the mark BOSCH in the United States, including in this District, in connection with the sale of automotive parts.

20. On information and belief, Robert Bosch Car Multimedia GmbH is a wholly owned subsidiary of Defendant and a member of the Bosch Group. Employees of Robert Bosch Car Multimedia GmbH are included in the Bosch Group's Mobility Solutions section. Through its management of the Bosch Group and ownership of Robert Bosch Car Multimedia GmbH, Defendant directs and controls Robert Bosch Car Multimedia GmbH.

21. On information and belief, through Robert Bosch Car Multimedia GmbH, Defendant manufactures the Accused Products in Malaysia.

22. On information and belief, Robert Bosch LLC is a wholly owned, U.S. subsidiary of Defendant and a member of the Bosch Group. Employees of Robert Bosch LLC are included in the Bosch Group's Mobility Solutions section. Through its management of the Bosch Group and ownership of Robert Bosch LLC, Defendant directs and controls Robert Bosch LLC.

23. On information and belief, Robert Bosch LLC purchases infringing products from Robert Bosch Car Multimedia GmbH and ships them into the United States, with knowledge and under the direction and control of Defendant.

24. On information and belief, Defendant knows and intends that the infringing products will enter the U.S. market, including this District.

25. On information and belief, Robert Bosch Car Multimedia GmbH is the applicant and grantee for FCC certifications of infringing products (certification is an approval process for radio-frequency devices with potential to cause harmful interference).

26. On information and belief, General Motors is a customer of Robert Bosch Car Multimedia GmbH that purchases infringing products for use in its vehicles. Robert Bosch Car Multimedia GmbH released a presentation in 2010 identifying General Motors as one of its customers. General Motors manufactures all of its sport utility vehicles in Texas.

27. On information and belief, infringing products are customized for and purchased by General Motors, which distributes them in vehicles sold in dealerships across Texas, including in this District.

28. On information and belief, Defendant knowingly directs its infringing products into the U.S. stream of commerce through its network of subsidiaries, which distributes the infringing products throughout the country, including to dealerships and manufacturers throughout Texas, including in this District.

29. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because, among other things, Defendant is subject to personal jurisdiction in this judicial district, Defendant has regularly conducted business in this judicial district, and certain of the acts complained of herein occurred in this judicial district.

## PATENTS-IN-SUIT

30. On February 10, 2009, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,489,786 (the "'786 Patent") entitled "Audio Device Integration System." A true and correct copy of the '786 Patent is attached hereto as Exhibit A.

31. On April 10, 2012, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,155,342 (the "'342 Patent") entitled "Multimedia Device Integration System." A true and correct copy of the '342 Patent is attached hereto as Exhibit B.

## FACTUAL ALLEGATIONS

32. The patents-in-suit generally cover systems for integrating third-party audio devices and multimedia devices with a car stereo.

33. Plaintiff has complied with the requirements of 35 U.S.C. § 287(a).

34. Defendant has been manufacturing, importing and/or selling audio and multimedia integration systems, including but not limited to Bosch Model LCN2K70A00, that has been made in or imported into the United States since at least as early as 2013 (the "Accused Products").

## COUNT I
### (Infringement of the '786 Patent)

35. Paragraphs 1 through 34 are incorporated by reference herein as if fully set forth in their entireties.

36. Blitzsafe has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '786 Patent.

37. Defendant has and continues to directly infringe one or more claims of the '786 Patent, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States infringing products, including the Bosch LCN2K70A00, without authority and in violation of 35 U.S.C. § 271.

38. Defendant has and continues to indirectly infringe one or more claims of the '786 Patent by knowingly and intentionally inducing others to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing

6

into the United States infringing products, including the Bosch LCN2K70A00. For example, Defendant, with knowledge that the Bosch LCN2K70A00 infringes the '786 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '786 Patent by providing Bosch LCN2K70A00 units to automotive original equipment manufacturers ("OEMs") for use, sale, and importation into the United States. Defendant provides LCN2K70A00 product manuals and documentation that instruct automotive OEMs and end users how to use the LCN2K70A00, including specifically how to connect external third-party audio and multimedia devices to the car stereo. Defendant induced infringement by others, including automotive OEMs and end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including automotive OEMs and end users, infringe the '786 Patent, but while remaining willfully blind to the infringement.

39. Defendant has and continues to indirectly infringe one or more claims of the '786 Patent by contributing to the direct infringement, either literally or under the doctrine of equivalents, by others, including automotive OEMs and end users, by offering to sell, selling and/or importing into the United States the Bosch LCN2K70A00, with the knowledge, at least as of the date of this Complaint, that the Bosch LCN2K70A00 contains components that constitute a material part of the inventions claimed in the '786 Patent. Such components include, for example, interfaces that permit an end user to use a car radio's controls to control an external third party audio device. Defendant knows that these components are especially made or especially adapted for use in an infringement of the '786 Patent and that these components are not a staple article or commodity of commerce suitable for substantial non-infringing use.

Alternatively, Defendant believed there was a high probability that others would infringe the '786 Patent but remained willfully blind to the infringing nature of others' actions.

40. Blitzsafe has suffered damages as a result of Defendant's direct and indirect infringement of the '786 Patent in an amount to be proved at trial.

41. Blitzsafe has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '786 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

42. Defendant has committed and continues to commit acts of infringement that Defendant actually knew or should have known constituted an unjustifiably high risk of infringement of at least one valid and enforceable claim of the '786 Patent. Defendant's infringement of the '786 Patent has been and continues to be willful, entitling Blitzsafe to an award of treble damages, reasonable attorney fees, and costs in bringing this action.

## COUNT II
### (Infringement of the '342 Patent)

43. Paragraphs 1 through 34 are incorporated by reference herein as if fully set forth in their entireties.

44. Blitzsafe has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '342 Patent.

45. Defendant has and continues to directly infringe one or more claims of the '342 Patent, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States infringing products, including the Bosch LCN2K70A00, without authority and in violation of 35 U.S.C. § 271.

46. Defendant has and continues to indirectly infringe one or more claims of the '342 Patent by knowingly and intentionally inducing others to directly infringe, either literally or

under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States infringing products, including the Bosch LCN2K70A00. For example, Defendant, with knowledge that the Bosch LCN2K70A00 infringes the '342 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '342 Patent by providing Bosch LCN2K70A00 units to automotive OEMs for use, sale, and importation into the United States. Defendant provides LCN2K70A00 product manuals and documentation that instruct automotive OEMs and end users how to use the LCN2K70A00, including specifically how to connect external third-party audio and multimedia devices to the car stereo. Defendant induced infringement by others, including automotive OEMs and end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including automotive OEMs and end users, infringe the '342 Patent, but while remaining willfully blind to the infringement.

47.     Defendant has and continues to indirectly infringe one or more claims of the '342 Patent by contributing to the direct infringement, either literally or under the doctrine of equivalents, by others, including automotive OEMs and end users, by offering to sell, selling and/or importing into the United States the Bosch LCN2K70A00, with the knowledge, at least as of the date of this Complaint, that the Bosch LCN2K70A00 contains components that constitute a material part of the inventions claimed in the '342 Patent. Such components include, for example, interfaces that permit an end user to use a car radio's controls to control an external third-party audio device. Defendant knows that these components are especially made or especially adapted for use in an infringement of the '342 Patent and that these components are not a staple article or commodity of commerce suitable for substantial non-infringing use.

Alternatively, Defendant believed there was a high probability that others would infringe the '342 Patent but remained willfully blind to the infringing nature of others' actions.

48. Blitzsafe has suffered damages as a result of Defendants' direct and indirect infringement of the '342 Patent in an amount to be proved at trial.

49. Blitzsafe has suffered, and will continue to suffer, irreparable harm as a result of Defendants' infringement of the '342 Patent, for which there is no adequate remedy at law, unless Defendants' infringement is enjoined by this Court.

50. Defendants have committed and continue to commit acts of infringement that Defendants actually knew or should have known constituted an unjustifiably high risk of infringement of at least one valid and enforceable claim of the '342 Patent. Defendants' infringement of the '342 Patent has been and continues to be willful, entitling Blitzsafe to an award of treble damages, reasonable attorney fees, and costs in bringing this action.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Blitzsafe prays for relief against Defendants as follows:

a. entry of judgment declaring that Defendants have directly and/or indirectly infringed one or more claims of each of the patents-in-suit;

b. entry of judgment declaring that Defendants' infringement of the patents-in-suit has been willful and deliberate;

c. an order pursuant to 35 U.S.C. § 283 permanently enjoining Defendants, their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, from further acts of infringement of the patents-in-suit;

d. an order awarding damages sufficient to compensate Blitzsafe for Defendants'

infringement of the patents-in-suit, but in no event less than a reasonable royalty, together with interest and costs;

  e. an order awarding Blitzsafe treble damages under 35 U.S.C. § 284 as a result of Defendants' willful and deliberate infringement of the patents-in-suit;

  f. entry of judgment declaring that this case is exceptional and awarding Blitzsafe its costs and reasonable attorney fees under 35 U.S.C. § 285; and

  g. such other and further relief as the Court deems just and proper.

Dated: May 16, 2018

Respectfully submitted,

**MCKOOL SMITH, P.C.**

*/s/ Samuel Baxter*

| | |
|---|---|
| Alfred R. Fabricant | Samuel F. Baxter |
|  afabricant@brownrudnick.com |  Texas State Bar No. 01938000 |
| Peter Lambrianakos |  sbaxter@mckoolsmith.com |
|  plambrianakos@brownrudnick.com | Jennifer L. Truelove |
| Vincent J. Rubino, III |  Texas State Bar No. 24012906 |
|  vrubino@brownrudnick.com |  jtruelove@mckoolsmith.com |
| Joseph M. Mercadante | **MCKOOL SMITH, P.C.** |
|  jmercadante@brownrudnick.com | 104 E. Houston Street, Suite 300 |
| Shahar Harel | Marshall, Texas 75670 |
|  sharel@brownrudnick.com | Telephone: (903) 923-9000 |
| Timothy J. Rousseau | Facsimile: (903) 923-9099 |
|  trousseau@brownrudnick.com | |
| Danielle A. D'Aquila | Colleen Bloss |
|  ddaquila@brownrudnick.com |  Texas State Bar No. 24082160 |
| |  cbloss@mckoolsmith.com |
| **BROWN RUDNICK LLP** | **MCKOOL SMITH, P.C.** |
| 7 Times Square | 300 Crescent Court, Suite 1500 |
| New York, New York 10036 | Dallas, Texas 75201 |
| Telephone: (212) 209-4800 | Telephone: (214) 978-4000 |
| Facsimile: (212) 938-2994 | Facsimile: (214) 978-4044 |

**ATTORNEYS FOR PLAINTIFF, BLITZSAFE TEXAS, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on May 16, 2018.

*/s/Jennifer Truelove*